**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1422
_____

KERIAN N. PELENAH,
                    Appellant

v.

UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEMS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-02972)
District Judge: Honorable Mary Kay Costello
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2026
Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: July 16, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kerian N. Pelenah, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint with prejudice. For the following reasons, we will affirm.

In June 2025, Pelenah filed a complaint in the District Court against his former employer, University of Pennsylvania Health Systems ("Penn Health"). Pelenah brought claims of discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. The District Court granted Pelenah permission to proceed IFP and subsequently dismissed the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), advising that "merely checking boxes on the [complaint] form and attaching exhibits is not sufficient to allege plausible claims[.]" ECF 5 at 9 n.2.

Pelenah filed an amended complaint, and the District Court again dismissed his claims, explaining that is insufficient to state a claim for relief. ECF 9 at 3. The District Court also granted Pelenah 30 days to file an amended complaint that "complie[d] with the [c]ourt's directives and the Federal Rules of Civil Procedure." *See id.* Pelenah filed a second amended complaint, which the District Court determined failed to cure the deficiencies of the first two. The court dismissed the complaint with prejudice, and Pelenah timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the District Court's order dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

2

We agree with the District Court's dismissal of Pelenah's complaint. Pelenah, who is originally from Liberia, purports to bring claims pursuant to Title VII, which "proscribe[s] discrimination in employment based on several personal characteristics" including race, color, religion, sex, and national origin. *E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)). Although Pelenah initially checked the national-origin box on the complaint form, he later clarified—repeatedly—that national origin was not the basis for his claims.[1] Because his pleadings did not allege that he suffered adverse action because of his national origin, or membership in any other protected class, Pelenah failed to state a Title VII discrimination claim. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003) (explaining that the "central focus" of a prima facie discrimination claim is whether the employer is treating employees less favorably than others because of their protected characteristics). Similarly, Pelenah failed to state a plausible claim for discrimination under a hostile work environment theory, as he did not present *any* factual allegations showing that Penn Health was "permeated with discriminatory intimidation, ridicule, and insult." *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citation modified) (analyzing a Title VII

---

[1] Pelenah did not argue in his initial complaint that the alleged discrimination and hostile work environment were based on his membership in a protected class. Indeed, his second amended complaint states that "[c]hecking national origin as the basis for discrimination in my initial complaint was a **genuine error**. Had my national origin been the basis for retaliation, I would have explained further[.]" *See* ECF 10-1 at 1. Moreover, Pelenah explains in his appellate brief that his amended complaint "clarif[ied] that [he] was retaliated against not based on [his] national origin, but for complaining of harassment and discrimination by [his] supervisor to the Human Resource Department." C.A. Doc. 6 at 2.

hostile work environment claim). Pelenah makes vague references to discrimination and harassment in his second amended complaint, but he did not provide any specific examples of the alleged discriminatory treatment. *See Kengerski v. Harper*, 6 F.4th 531, 537 (3d Cir. 2021) ("To succeed on [a hostile-work-environment claim], a plaintiff needs to show that the environment was actually hostile, *i.e.,* that the offensive conduct at work was either 'severe' or 'pervasive.'" (citation modified)).

Further, Pelenah's retaliation claim failed because his pleadings do not plausibly allege that he engaged in a "protected activity" within the meaning of Title VII. *See Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006) (discussing requirements for a Title VII retaliation claim). Pelenah's complaints to his employer did not concern discrimination or harassment based on a protected class; rather, he complained about "written warnings (adverse action) that had become a pattern and retaliatory tactic employed by the management team following a series of email exchanges in which [he] had been critical of the [ ] team's actions regarding perceived scheduling errors and attendance issues."[2] ECF 10-1 at 5. And a complaint to Human Resources "about unfair treatment in general" does not constitute protected conduct when it does "not specifically complain about [protected class] discrimination." *See Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-02 (3d Cir. 1995).

---

[2] In his EEOC charge, Pelenah identified "retaliation" as the basis for his discrimination. *See* ECF 1 at 40. He also stated that he was "critical of practices . . . concerning how others performed their duties," and indicates that, as a result of said criticism, he received disciplinary notices for absenteeism, lateness, and failure to follow procedure, and was eventually fired. *Id.*

On appeal, Pelenah argues that the District Court erred because his filing of a complaint with human resources was "based on a 'reasonable, good-faith belief' that the practice complained of was unlawful[,] [which] is essentially a protected activity[.]" C.A. Doc. 6 at 4. Not so. While an employee may prevail on a claim for retaliation even where the underlying conduct complained of was not unlawful under Title VII, they must demonstrate an *objectively* reasonable, good-faith belief that the activity is unlawful under that statute. *See Clark Cnty. v. Breeden*, 532 U.S. 268, 271 (2001) (per curiam) (rejecting retaliation claim where "no reasonable person could have believed" that the underlying conduct "violated Title VII's standard" for discrimination). In his second amended complaint, Pelenah avers that he filed his HR complaint because of "written warnings" regarding purported scheduling errors and attendance disputes, ECF 10-1 at 5, but he does not state, or even imply, that he reasonably believed his employer's conduct violated Title VII. *See Barber*, 68 F.3d at 702 (holding that a letter to an employer's Human Resources Department was not protected activity because it neither "explicitly or implicitly" alleged that a protected characteristic was the basis for the adverse employment action); *see also Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013) (per curiam) ("A plaintiff's belief . . . is not reasonable simply because he or she complains of something that appears to be discrimination in some form.").

Finally, we agree with the District Court's dismissal of Pelenah's complaint without another opportunity for amendment. The "District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his

5

complaint, but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (per curiam). Here, the District Court's prior orders dismissing Pelenah's complaint without prejudice explained how he could properly plead his claims, yet he still failed to do so. Therefore, the District Court properly determined that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (holding that a district court did not abuse its discretion when it denied leave to amend after providing two opportunities for amendment).

Accordingly, we will affirm the District Court's judgment.